UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGOLIO DE LA RIVA,<br><br>    Petitioner,<br><br>    v.<br><br>PERRY, Warden,<br><br>    Respondent. | Case No. EDCV 15-2437 DSF(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  SUMMARY

On November 10, 2015, Hugolio De La Riva ("petitioner"), a state prisoner who is proceeding *pro se*, provided to prison authorities for mailing and constructively filed a Petition for Writ of Habeas Corpus ("Petition") with an attached memorandum ("Petition Memo"), which was formally filed on November 30, 2015. Petitioner concurrently submitted a signed Consent to Proceed Before a United States Magistrate Judge (State Habeas Case) which reflects that petitioner voluntarily consents to a United States Magistrate Judge conducting all further proceedings in this case.

Petitioner, who was convicted of first degree murder following a jury trial in 2008, challenges the imposition of a restitution fine and claims that his trial and

appellate counsel were ineffective because they failed to challenge such restitution fine. (Petition at 2, 5-6; Petition Memo at 2-13).

It plainly appears from the face of the Petition, that petitioner is not entitled to relief at this time because restitution-related challenges are not cognizable on federal habeas review and this Court lacks jurisdiction to consider them. Accordingly, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."[1]

## II. DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This language requires a nexus between a petitioner's claim and the unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010) (citation omitted). Such a nexus is not met by a challenge to a restitution order. Id. at 980-81 (claim that petitioner ordered to pay restitution in violation of Constitution does not constitute claim

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge; Respondent has not yet been served with the Petition and therefore is not a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to 28 § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1118–21 & n.3 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

1  that petitioner is in custody in violation of Constitution).  "[Section] 2254 does not
2  confer jurisdiction over a state prisoner's in-custody challenge to a restitution
3  order imposed as part of a criminal sentence."  <u>Bailey</u>, 599 F.3d at 982.  Similarly,
4  ineffective assistance of counsel claims, to the extent predicated on restitution-
5  related errors, are not cognizable because they do not claim that the petitioner is in
6  custody in violation of the Constitution.  <u>See</u> <u>Bailey</u>, 599 F.3d at 980-82
7  (affirming district court's rejection of habeas petitioner's ineffective assistance of
8  counsel claim predicated on counsel's failure to challenge restitution order;
9  finding that restitution-related claim does not constitute claim that petitioner is in
10 custody in violation of Constitution); <u>see also</u> <u>Bragg v. California</u>, 2012 WL
11 1075712, *1-*2 (C.D. Cal. Feb. 26, 2012) (dismissing for lack of jurisdiction state
12 habeas petitioner's claims that trial counsel ineffective in failing to argue against
13 restitution order and that restitution order was improper), <u>report and</u>
14 <u>recommendation adopted</u>, 2012 WL 1078762 (C.D. Cal. Mar. 26, 2012); <u>Baker v.</u>
15 <u>Yates</u>, 2010 WL 1688868, *1-*3 (E.D. Cal. Apr. 6, 2010) (same).
16         Moreover, "[a]ccording to traditional interpretation, the writ of habeas
17 corpus is limited to attacks upon the legality or duration of confinement."
18 <u>Crawford v. Bell</u>, 599 F.2d 890, 891 (9th Cir. 1979) (citing <u>Preiser v. Rodriguez</u>,
19 411 U.S. 475, 484-86 (1973)).  Petitioner's restitution-related claims do not
20 challenge the legality or duration of his confinement.  Such challenges, even if
21 successful, would not affect the fact or duration of petitioner's custody.  <u>Compare</u>
22 <u>Flores v. Hickman</u>, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (trial court's
23 imposition of restitution not cognizable on habeas review under 28 U.S.C. § 2254
24 because restitution order does not affect duration of custody); <u>Martin v. Evans</u>,
25 2008 WL 724720, at *38 (C.D. Cal. Mar. 12, 2008) (claim relating to state court's
26 imposition of restitution fine not cognizable under 28 U.S.C. § 2254 because it
27 does not affect validity or duration of confinement, and would not entitle
28 petitioner to earlier release from custody) (citations omitted); <u>cf.</u> <u>United States v.</u>

Gianelli, 543 F.3d 1178, 1184 n.7 (9th Cir. 2008) (claim for relief from restitution order not properly brought under 28 U.S.C. § 2255) (citation omitted), cert. denied, 129 S. Ct. 1396 (2009); United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (challenge to restitution fine not cognizable under 28 U.S.C. § 2255), cert. denied, 540 U.S. 839 (2003).

As petitioner's restitution-related challenges are not cognizable on federal habeas review and the Court has no jurisdiction to grant relief on these claims, the Petition must be dismissed.

### III. ORDER

IT IS THEREFORE ORDERED that the Petition is dismissed and that Judgment be entered accordingly.

DATED: December 3, 2015

                                                    /s/
                                     Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE